IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL O. LINEHAN,**

    **Plaintiff,**

vs.                                              Case No. 4:06cv225-MP/WCS

**JAMES V. CROSBY, JR.,**
**JAMES R. McDONOUGH.**
**ALONZO PERKINS,**
**and ALEX LAM,**

    **Defendants.**

                                    /

## REPORT AND RECOMMENDATION

On October 10, 2007, Defendant Crosby filed a motion for summary judgment or, in the alternative, a motion to dismiss. Doc. 48. Defendant Crosby simultaneously filed a statement of facts in support of the motion. Doc. 49. On the same date, the remaining Defendants filed a motion for extension of time, doc. 47, and having granting the motion, their special report is due on October 25, 2007. Doc. 50. Plaintiff alleges in this § 1983 action that he is unable to practice his religious faith (Seventh-Day Adventist). Doc. 36.

Defendant Crosby's motion, doc. 48, seeks dismissal because Plaintiff "failed to exhaust available administrative remedies through the Department's inmate grievance

process *prior to initiating this suit on May 9, 2006*." Doc. 48, p. 2 (emphasis in the original).  Defendant asserts: "The Amended Complaint's claims against [Crosby] consist only of his alleged inaction to a June 20, 2004[,] letter by the Plaintiff's pastor concerning dietary requests." *Id.*, p. 6.  Defendant argues that in "failing to reference the alleged inaction of [Crosby] in these grievances, there has been no exhaustion of remedies . . . ." *Id.*  This report and recommendation is entered without awaiting a response from Plaintiff.

The premise of the motion is seriously flawed.  Plaintiff's claim is not that Crosby was inattentive to a letter or to grievances.[1]  His claim is that Crosby, who sets policy, was inattentive to his request for a religious diet.

The issue of exhaustion was addressed in the September 10, 2007, order that denying the motions to stay this case.  Doc. 46; *see d*ocs. 42, 43, and 45.  In that order it was noted that Plaintiff challenges the fact that he is not provided a kosher diet, which he alleges is a fundamental tenet of his faith.  Doc. 46, *citing* doc. 36.  Plaintiff contends that such a diet could easily be made available to him, but is not, even though the Department of Corrections has a "Jewish Dietary Accommodations Program" which provides a kosher meal to Jewish inmates only.  *Id.*  The order explained the grievances as follows:

---

[1] It has been uniformly held that the mere existence of a prison grievance procedure confers no liberty interest entitled to due process protection.  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); Ouzts v. Cummins, 825 F. 2d 1276 (8th Cir. 1987).  Thus, a failure to process a grievance according to the specified procedures is not actionable as a violation of constitutional rights under § 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Case No. 4:06cv225-MP/WCS

> Review of the grievances submitted with Plaintiff's amended complaint reveals that Plaintiff sought "placement in the 'Kosher Meal Program.' " Doc. 36, pp. 22 and 23.  When Plaintiff submitted his grievance appeal, he requested the "same relief" from his earlier grievances, and at that point did, for the first time, specifically assert that "[t]he Jewish Dietary Accommodations Program" was "overbroad, arbitrary and capricious . . . because it clearly discriminates against [his] religious preference."  *Id.*, at 25.  Plaintiff exhausted the grievance process in 2004.

Doc. 46, p. 2.  *This first round of grievances ended with an appeal to then Secretary Crosby.  Id., p. 25.*  Plaintiff filed another round of grievances in 2006, still grieving the fact that he was not permitted to have the "Jewish Dietary Accommodations."  Doc. 36, p. 28-31, *as cited in* doc. 46.  Plaintiff stated that he was not provided a Kosher meal plan despite the "professed policy of supplying inmates with a diet that meets their religious needs."  Doc. 36, p. 28-31.  *Likewise, this round of grievances ended with an appeal to Crosby dated January 31, 2006.  Id., p. 34.*

Thus, contrary to Defendant Crosby's assertion that we "will never know how the matter would have been resolved," it was resolved long ago in the grievance process. Plaintiff has been denied a kosher meal and participation in the Jewish Dietary Accommodations Program since 2004.

To the extent that Defendant Crosby's argument should be construed to mean that the claims against him should be dismissed under 42 U.S.C. § 1997e because Plaintiff did not name him in his administrative grievances,[2] that argument also fails.

---

[2] Section 1997e(a) provides:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12

Defendant Crosby was the Secretary of the Department of Corrections at the time and all persons within the grievance process knew who he was.  Admittedly, prisoners must exhaust administrative remedies and they must comply with the process set forth and established by the State's grievance procedures.  <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999); <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2387 (2006) (holding that the PLRA exhaustion requirement requires "proper exhaustion.") Grievances must give prison officials "fair notice" of a prisoner's claim and "must provide enough facts so that prison officials are warned abut the nature of the wrong for which redress is sought."  <u>Brown v. Sikes</u>, 212 F.3d 1205 (11th Cir. 2000).

In <u>Brown v. Sikes</u>, *supra*, the Court stated that the question before it was "whether the § 1997e(a) exhaustion requirement always prohibits a prisoner from suing any defendant other than those named in the administrative grievance the prisoner filed." 212 F.3d at 1207.  The answer was no.  A prisoner must "provide as much relevant information as he reasonably can in the administrative grievance process," but he is not required to do more than that.  *Id.*, at 1207.[3]  Furthermore, the Court re-

---

(2002); <u>Booth v. Churner</u>, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).

[3] In that case, Brown (a Georgia state prisoner) filed a § 1983 lawsuit against the Warden, the Commissioner, and John Doe Defendants claiming denial of Eighth Amendment rights because defendants deprived him of necessary items which has been prescribed by a physician.  212 F.3d at 1206.  The plaintiff did not know which officials were responsible for failing to given him the items.  *Id.*  The district court dismissed the complaint for failure to exhaust, but the Eleventh Circuit reversed.  *Id.*, at 1210.  The Court noted that while an inmate must "provide with his grievance all relevant information reasonably available to him" in submitting a grievance, he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons.  *Id.*, at 1207-08.

iterated the seven policies which support the exhaustion requirement,[4] and noted that those policies are not advanced by simply requiring inmates to name in their grievances the top officials in charge.  "Everyone involved in the grievance process knows who the warden and commissioner are."  Brown, 212 F.3d at 1209.  "There is no point in making a prisoner name them in his grievance, unless they were somehow personally involved . . . ." Id.

Here, Defendant Crosby was not personally involved, as that term is normally used.  He is sued, rather, as the Secretary of the Department of Corrections because he was responsible for creating and adopting rules and policies.  The denial of the kosher meal was, allegedly, pursuant to a Department policy.  There is no point in requiring an inmate to name the Secretary in a grievance when he is clearly challenging rules or policies because everyone involved is aware of the Secretary's role in such challenges.  Thus, the motion to dismiss should be denied as to this basis as well.

---

[4] Those seven policies are:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir.1998), *quoted in* Brown, 212 at 1208; *see also* Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005).

Case No. 4:06cv225-MP/WCS

### Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Crosby's motion to dismiss, doc. 48, be **DENIED,** that Defendant Crosby be **ORDERED** to file an appropriate response to Plaintiff's amended complaint in accordance with the prior service order within 10 days after the adoption of this report and recommendation, and the case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 15, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**