IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL O. LINEHAN,

      Plaintiff,

v.                                        CASE NO. 4:06-cv-00225-MP-WCS

JAMES V. CROSBY, JR.,
JAMES R. McDONOUGH.
ALONZO PERKINS,
and ALEX LAM,

      Defendants.

_____/

**O R D E R**

      This matter is before the Court on Doc. 90, Report and Recommendation of the

Magistrate Judge, which recommends that Defendants' motion for summary judgment, Doc. 53,

be granted in part, and that Plaintiff's motion for summary judgment, Doc. 70 , be denied in part.

The Magistrate Judge filed the Report and Recommendation on Thursday, June 26, 2008.  The

parties have been furnished a copy of the Report and have been afforded an opportunity to file

objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a

*de novo* review of those portions to which an objection has been made.

      Plaintiff, who is currently incarcerated, filed the instant cause of action pursuant to the

Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc

et seq., and 42 U.S.C. § 1983, alleging that Defendants violated his rights under the RLUIPA,

the Free Exercise clause of the First Amendment, and the Equal Protection clause of the

Fourteenth Amendment by not providing him with a kosher meal according to his religious

beliefs.  Because of this, Plaintiff seeks declaratory and injunctive relief, and compensatory and

punitive monetary damages against all Defendants.  Defendants have filed a special report, Doc.

53, which was construed as a motion for summary judgment.  Plaintiff has filed a response to the

motion for summary judgment.  Doc. 79.  In addition, Plaintiff filed his own motion for summary

judgment, Doc. 70, and the Defendants filed a memorandum in opposition. Doc. 77.

Plaintiff is a member of the Seventh-Day Adventist faith, and as part of this belief

Plaintiff states that he must keep a kosher diet as provided in the Bible.  Plaintiff filed requests

through the inmate grievance procedure system requesting that he be allowed to participate in the

Jewish Dietary Accommodation Program, which Plaintiff claimed would satisfy his desire for a

kosher diet.  The Defendants rejected Plaintiff's request, stating that this diet plan was available

only to Jewish inmates.  After Plaintiff's complaint was filed, the Defendants' discontinued the

Jewish meal plan, and instituted new dietary choices to accommodate these prisoners.

Both parties agree that the kosher diet sought by Plaintiff is a sincerely held tenet of his

religion, and that the failure of Defendants to provide such a diet to the Plaintiff substantially

burdens his religious practice.  Because the Defendants' current dietary policy of not providing

kosher meals is the least restrictive means of furthering a compelling governmental interest, the

Magistrate recommends that Defendants' motion for summary judgment should be granted in

part.  Specifically, the Magistrate finds that deference should be given to the prison

administrators' decision that the cost would be far too great, that special treatment for Plaintiff

would generate unrest among other prisoners, and that this would create a significant security

risk.  Particularly, the Magistrate points out that if the Florida Department of Corrections were to

provide Plaintiff and other similarly situated prisoners with the sought-after kosher diet, it would

incur an additional food cost of nearly thirty-nine million dollars per year.

In his objections, Plaintiff focuses primarily on Jewish inmates being treated differently

than Seventh-Day Adventists.  Since the Jewish Dietary Accommodation Program was

discontinued several years ago, the only person Plaintiff can show is being treated differently is

one Jewish inmate who receives kosher food pursuant to a settlement agreement.  This prisoner

is not similarly situated to the Plaintiff, and Plaintiff cannot state an equal protection claim on

this ground.  Also, Plaintiff argues that because he states a prima facie case under the RLUIPA,

it is irrelevant whether the Defendants' dietary policy of not providing kosher meals is the least

restrictive means of furthering a compelling governmental interest.  This is an incorrect

statement of the law, since establishing a prima facie basis for a RLUIPA claim merely shifts the

burden to the Defendants to show a compelling state interest.

After reviewing the record, the Court agrees with the Magistrate that the Defendants have

met this burden.  Both the excessive cost, as well as administrative and logistic difficulties, of

implementing a kosher meal plan in the Florida prison system are compelling state interests, and

the current vegan and vegetarian diets are the least restrictive means of addressing this

compelling interest.  Because Plaintiff has failed to come forward with evidence to prove his

RLUIPA kosher diet claim, summary judgment must be entered in favor of Defendants on this

ground. Therefore, the Court agrees with the Magistrate that Defendants' motion for summary

judgment should be granted, and this claim dismissed.

As a final matter, the Magistrate notes that Plaintiff has shown without dispute that in

2004 he sought to participate in the Jewish kosher diet program, but was denied that

opportunity because he was a Seventh-Day Adventist.  The Court agrees with the Magistrate that

Plaintiff was similarly situated with Jewish prisoners during the period, and that the Defendants

had no basis for treating Plaintiff differently from the Jewish prisoners.  Although this plan is no

longer in existence, Plaintiff is entitled to an award of a nominal judgment of $1.00, jointly and

severally against all Defendants.  Therefore, having considered the Report and Recommendation,

and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge at Doc. 90 is adopted
and incorporated herein.

2. Defendants' Motion for Summary Judgment at Doc. 53 is GRANTED in part as
to all claims except the Equal Protection claim for nominal damages, and as to
that, is DENIED.

3. Plaintiff's motion for summary judgment at Doc. 70 is DENIED in part as to all
claims, except the Equal Protection claim for nominal damages as to which the
motion is GRANTED and the Clerk DIRECTED to enter a nominal judgment for
Plaintiff against all Defendants, jointly and severally, in the amount of $1.00, and
costs.

**DONE AND ORDERED** this *20th*  day of August, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge